# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3278 | **DATE** | 5/23/2001 |
| **CASE TITLE** | MILES,III,et al vs. S.C. JOHNSON & SON,INC.,et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: defendnat Precise Technology,Inc.'s motion to dismiss the claims asserted against it in the first amended complaint by Julia Ragsdell, individually, under the Family Expense Act that are predicated on negligence (Count XI), wilful and wanton conduct (Count XII), strict liability (Count XIII) and breach of the implied warranty of merchantability (Count XIV) is denied. The Family Expense Act claim predicated on negligence asserted by Ragsdell in Count XV is redundant of that asserted in Count XI and is, therefore, dismissed. Status hearing set for 6/7/01 at 9:30a.m.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 2 9 2001 | 51 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | CM | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 MAY 25 PM 12: 28 | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
MAY 2 9 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES MILES, III, a minor, by his Mother and Next Friend, JULIA A. RAGSDELL, and JULIA A. RAGSDELL, individually, )<br><br>Plaintiffs, )<br><br>v. )<br><br>S.C. JOHNSON & SON, INC., et al., )<br><br>Defendants. ) | No. 00 C 3278<br>Paul E. Plunkett, Senior Judge |

## MEMORANDUM OPINION AND ORDER

When he was three years old, James Miles, III ingested Drano, a drain cleaner packaged in a metal container with a closure device that was manufactured by defendant Precise Technology, Inc. ("Precise"). Miles, through his mother, Julia Ragsdell, and Ragsdell, individually, have sued Precise under a variety of theories to recover for the injuries Miles sustained. Precise contends that the claims asserted against it by Ragsdell, individually, are untimely and has filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss them. For the reasons set forth below, the motion is denied.[1]

---

[1] Because Precise did not file a reply brief or a motion for an extension of time to do so by April 27, 2001, as it was ordered to do, we have decided the motion without it. (See 3/26/01 Min. Order.)

## The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## Discussion

Ragsdell's claims against Precise are asserted in five separate counts captioned as follows: Count XI - Negligence, Count XII - Wilful and Wanton Misconduct, Count XIII - Strict Liability, Count XIV - Implied Warranty of Merchantability and Count XV - Family Expense Act. Precise contends that Ragsdell's claims are untimely. In Illinois, the statute of limitations for the negligence, wilful and wanton conduct and strict liability claims is two years. 735 ILL. COMP. STAT. 5/13-202; 735 ILL. COMP. STAT. 5/13-213(d). The statute of limitations on breach of implied warranty of merchantability claims is four years from the date the product was delivered to the buyer. 810 ILL. COMP. STAT. 5/2-725(1), (2). Moreover, Precise argues, because Ragsdell's Family Expense Act claim is predicated on negligence, it too is governed by the two-year limitations period set forth in 735 ILL. COMP. STAT. 5/13-202. Because Ragsdell did not file her claims within these limitations periods, Precise contends that they must be dismissed.

Though they are not all captioned that way, Ragsdell contends that she asserts all of her claims under the Family Expense Act. The Family Expense Act makes parents responsible for, among other things, the medical expenses of their minor children and enables them to sue third-

parties who cause the medical expenses to be incurred. 750 ILL. COMP. STAT. 65/15; Dewey v. Zack, 272 Ill. App. 3d 742, 746, 651 N.E.2d 643, 646 (2d Dist. 1995). The limitations period applicable to Family Expense Act claims is found in 735 ILL. COMP. STAT. 5/13-203. Id., 272 Ill. App. 3d at 749, 651 N.E.2d at 648. That statute provides:

> Actions for damages for loss of consortium or other actions, including actions for the medical expenses of minors or persons under legal disability, deriving from injury to the person of another . . . shall be commenced within the same period of time as actions for damages for injury to such other person. Where the time in which the cause of action of the injured person whose injuries give rise to the cause of action brought under this Section is tolled or otherwise extended by any other Section of this Act . . . the time in which the cause of action must be brought under this Section is also tolled or extended to coincide with the period of time in which the injured person must commence his or her cause of action.

Thus, Ragsdell has the same amount of time to file her Family Expense Act claims predicated on negligence, wilful and wanton conduct, strict liability and breach of the implied warranty of merchantability as Miles has to file his claims under those theories.

The limitations periods applicable to Miles' claims are correctly set forth by Precise: two years for the negligence, wilful and wanton conduct and strict liability claims, and four years from date of delivery for the breach of warranty claim. See 735 ILL. COMP. STAT. 5/13-202; 735 ILL. COMP. STAT. 5/13-213; 810 ILL. COMP. STAT. 5/2-725. Because Miles was a minor at the time of his alleged injuries, however, the limitations periods on all of his claims are tolled until his eighteenth birthday. 735 ILL. COMP. STAT. 5/13-211; 735 ILL. COMP. STAT. 5/13-213(d); Evans v. General Motors Corp., 314 Ill. App. 3d 609, 615, 732 N.E.2d 79, 84 (2d Dist. 2000) (holding that tolling provision in 735 ILL. COMP. STAT. 5/13-211 applies to warranty claims asserted under 810 ILL. COMP. STAT. 5/2-725). Miles is not yet eighteen. (See First Am. Compl. ¶ 1.) Thus, his claims, and, therefore, Ragsdell's derivative Family Expense Act claims, are timely.

There is, however, a redundancy among Ragsdell's claims that we must address. Ragsdell contends that she asserts all of her claims, including the negligence claim in Count XI, under the Family Expense Act. That makes Count XV, which is also a Family Expense Act claim predicated on negligence, redundant of Count XI. Accordingly, the Family Expense Act claim asserted in Count XV is dismissed.

### Conclusion

For the reasons set forth above, defendant Precise Technology, Inc.'s motion to dismiss the claims asserted against it in the first amended complaint by Julia Ragsdell, individually, under the Family Expense Act that are predicated on negligence (Count XI), wilful and wanton conduct (Count XII), strict liability (Count XIII) and breach of the implied warranty of merchantability (Count XIV) is denied. The Family Expense Act claim predicated on negligence asserted by Ragsdell in Count XV is redundant of that asserted in Count XI and is, therefore, dismissed.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: 5/23/01