# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3278 | **DATE** | 5/25/2001 |
| **CASE TITLE** | Miles et al. Vs. S.C. Johnson & Son, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  ENTER MEMORANDUM OPINION AND ORDER: Defendant S.C. Johnson & Son, Inc.'s motion to dismiss the wilful and wanton conduct claim asserted against it in Count II of the first amended complaint is denied. Status hearing set for 6/6/01 at 9:30 a.m.

(11) ■ [For further detail see

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | 5 number of notices |
| ✓ | Notices mailed by judge's staff. | MAY 2 9 2001 date docketed |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | CM docketing deputy initials |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | 5/25/2001 date mailed notice |
| kf courtroom deputy's initials | Date/time received in central Clerk's Office | kf mailing deputy initials |

Document Number 52

ED-7 FILED FOR DOCKETING
01 MAY 25 PM 12: 28

DOCKETED
MAY 2 9 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES MILES, III, a minor, by his )
Mother and Next Friend, JULIA A. )
RAGSDELL, and JULIA A. )
RAGSDELL, individually, )
)
               Plaintiffs, )  No. 00 C 3278
)  Paul E. Plunkett, Senior Judge
     v. )
)
S.C. JOHNSON & SON, INC., et al., )
)
               Defendants. )

## MEMORANDUM OPINION AND ORDER

When he was three years old, James Miles, III ingested Drano, a drain cleaner manufactured by defendant S.C. Johnson & Son, Inc. ("Johnson"). Plaintiffs have sued Johnson and three other defendants under a variety of theories to recover for the injuries sustained by Miles. Johnson has filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the wanton and wilful conduct claim plaintiffs assert against it in Count II of their first amended complaint. For the reasons set forth below, the motion is denied.

## The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## Discussion

To state a claim for wilful and wanton conduct, plaintiff must allege that Johnson intentionally injured Miles or that it acted with a "reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness, or carelessness when it could have been discovered by ordinary care." O'Brien v. Township High Sch. Dist. 214, 83 Ill. 2d 462, 469, 415 N.E.2d 1015, 1018 (1980) (internal quotation marks and citation omitted). "The essential elements of wilful and wanton conduct in a product liability case include knowledge of the defect, knowledge or notice that the defect was likely to cause injury and failure to warn of or remedy a known defect or take some other affirmative action to avoid the injury." Collins v. Interroyal Corp., 126 Ill. App. 3d 244, 256, 466 N.E.2d 1191, 1199 (1st Dist. 1984); see Kopczick v. Hobart Corp., 308 Ill. App. 3d 967, 974, 721 N.E.2d 769, 775 (3rd Dist 1999) (stating, in the context of a products liability claim, that "a manufacturer's awareness that its product is unreasonably dangerous coupled with a failure to act to reduce the risk amounts to willful and wanton conduct.")

Plaintiffs allege that Johnson knew the Drano container, which housed a caustic drain cleaner, could be opened by young children (First Am. Compl. ¶ 26a, b, d, f), but failed to remedy that situation or to warn Drano users about it (id. ¶ 26a-d, f). Though these allegations mirror the elements of a wilful and wanton conduct claim, Johnson claims they are insufficient. In its view, plaintiffs "must allege that S.C. Johnson knew of prior similar occurrences" to state a viable claim. (Defs.' Mot. Dismiss at 4.)

There are several problems with this argument. First, Bastian v. TPI Corp., 663 F. Supp. 474 (N.D. Ill. 1987), the case Johnson cites for this proposition, says no such thing. Rather, the Bastian court said that knowledge of similar prior occurrences was a sufficient, not a necessary, allegation for a wilful and wanton conduct claim. Id. at 476. Second, though knowledge of a defect is an element of a wilful and wanton conduct claim in Illinois, knowledge of similar prior occurrences is not. See, e.g., Collins, 126 Ill. App. 3d at 256, 466 N.E.2d at 1199 (listing claim elements). Finally, fact pleading, which is what Johnson is demanding, is not the standard in federal court. Though the Federal Rules of Civil Procedure require certain matters, like fraud, to be alleged "with particularity," all other issues, including "[m]alice, intent, [and] *knowledge* . . . may be averred generally." FED. R. CIV. P. 9(b) (emphasis added). Plaintiffs must have some evidence to support their allegation of Johnson's knowledge, Rule 11 demands it, but none of the Rules requires them to disclose it in their complaint. Certainly, plaintiffs will have to produce that evidence to prevail on a summary judgment motion or at trial, but at the pleading stage, a general allegation of Johnson's knowledge will suffice.

Nor are we troubled by the fact that the allegations of the wilful and wanton conduct claim asserted in Count II are virtually identical to those alleged in the negligence claim in Count I. As the

Bastian court noted: "[O]ne can plead the same facts in two counts, one characterizing them as negligence and the other as willful and wanton conduct, if the same facts could support both theories." 663 F. Supp. at 476. If true, the facts alleged by plaintiffs, that Johnson knew the Drano container could be opened by young children but did nothing to change it or to warn Drano users about it, could support both a negligence and a wilful and wanton conduct claim. Thus, plaintiffs' characterization of Johnson's actions as negligent in Count I and wilful and wanton in Count II is not a reason to dismiss either claim.

## Conclusion

For the reasons set forth above, defendant S.C. Johnson & Son, Inc.'s motion to dismiss the wilful and wanton conduct claim asserted against it in Count II of the first amended complaint is denied.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: 5/25/01