Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3278 | **DATE** | 11/27/2001 |
| **CASE TITLE** | JAMES MILES, III, et al vs. S.C. JOHNSON & SON, INC., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Julia Ragsdell's motion to dismiss S.C. Johnson & Son, Inc.'s counterclaim for willful and wanton conduct is granted. Johnson has fourteen days from the date of this Memorandum Opinion and Order to amend the counterclaim, if it can do so and remain in compliance with Rule 11. If no amendment is filed in the time allowed, the counterclaim will be dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 28 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | cm | 74 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 NOV 27 PM 3:04 | |
| TBK | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

DOCKETED
NOV 2 8 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES MILES, III, a minor, by his Mother and Next Friend, JULIA A. RAGSDELL, and JULIA A. RAGSDELL, individually,<br><br>Plaintiffs,<br><br>v.<br><br>S.C. JOHNSON & SON, INC., et al.,<br><br>Defendants. | No. 00 C 3278<br>Paul E. Plunkett, Senior Judge |

## MEMORANDUM OPINION AND ORDER

When he was three years old, James Miles, III ingested Drano, a drain cleaner that is manufactured and sold by defendant S.C. Johnson & Son, Inc. ("Johnson"). Plaintiffs have sued defendants under a variety of theories to recover for the injuries sustained by Miles. Johnson has filed a counterclaim for contribution against Ragsdell, Miles' mother, claiming that the child's injuries were the proximate result of her willful and wanton misconduct. Ragsdell has filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the counterclaim. For the reasons set forth below, the motion is granted.

## The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## Discussion

To state a claim for willful and wanton conduct, Johnson must allege that Ragsdell intentionally injured Miles or that she acted with a "reckless disregard for [his] safety . . . , such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness, or carelessness when it could have been discovered by ordinary care." O'Brien v. Township High Sch. Dist. 214, 83 Ill. 2d 462, 469, 415 N.E.2d 1015, 1018 (Ill. 1980) (internal quotation marks and citation omitted). Johnson alleges that Ragsdell stored the Drano container in an unlocked kitchen cabinet that was only one foot from the ground despite product warnings that Drano: (1) was poison; (2) could be harmful or fatal if swallowed; and (3) should be stored on a high shelf or in a locked cabinet, out of the reach of children. (Counterclaim ¶¶ 5, 8a, 8b.) Johnson also alleges that Ragsdell willfully and wantonly "fail[ed] to properly and adequately attend to, maintain and supervise the activities of her child." (Id. ¶ 8c.) According to Johnson, these allegations show that Ragsdell recklessly disregarded the hazards Drano posed to Miles by storing it within his reach and giving him unsupervised access to it.

Those allegations are necessary, but not sufficient, to state a contribution counterclaim for willful and wanton conduct in this case. Given the allegations of the first amended complaint, Johnson can be held liable to Miles, and thus can seek contribution from Ragsdell, only if the Drano container is proven to be defective. Ragsdell, in turn, can be liable for contribution under a willful and wanton theory only if she knew the Drano container was defective and recklessly disregarded the danger that it posed to her son. Thus, even if Ragsdell improperly stored the Drano and improperly supervised her son, as Johnson alleges, she would be liable for contribution only if she knew, when she engaged in those acts, that the Drano container was defective. Johnson does not allege that Ragsdell had such knowledge. As a result, its contribution counterclaim for willful and wanton conduct must be dismissed.

## Conclusion

For the reasons set forth above, Julia Ragsdell's motion to dismiss S.C. Johnson & Son, Inc.'s counterclaim for willful and wanton conduct is granted. Johnson has fourteen days from the date of this Memorandum Opinion and Order to amend the counterclaim, if it can do so and remain in compliance with Rule 11. If no amendment is filed in the time allowed, the counterclaim will be dismissed with prejudice.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: _11-27-01_