Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3278 | **DATE** | 6/11/2002 |
| **CASE TITLE** | James Miles, III, et al. Vs. S.C. Johnson & Son, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Plaintiffs' Motion for Leave to File Second Amended Complaint and to Serve Additional Discovery is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUN 12 2002 | |
| | Notified counsel by telephone. | date docketed | 101 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | |
| KM | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION



DOCKETED
JUN 1 2 2002

| | |
|---|---|
| JAMES MILES, III, et al., | )<br>)<br>) |
| Plaintiffs, | ) No. 00 C 3278<br>) |
| v. | )<br>) District Judge Paul E. Plunkett |
| S. C. JOHNSON & SON, INC., et al., | )<br>) |
| | ) Magistrate Judge Nan R. Nolan |
| Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs James Miles III and his mother Julia A. Ragsdell bring this action for personal injury against defendants S.C. Johnson & Son, Inc. ("SCJ"), the manufacturer of Crystal Drano brand drain cleaner, and other corporations involved in the design, manufacture, and assembly of Drano's container and/or its closure device.[1] This matter is before the Court on Plaintiffs' Motion for Leave to File Second Amended Complaint and to Serve Additional Discovery. The parties consented to the jurisdiction of the United States Magistrate Judge for the purposes of this motion pursuant to 28 U.S.C. §636(c). For the reasons that follow, Plaintiffs' motion is GRANTED in part and DENIED in part.

---

[1] SCJ was the only defendant named in the original complaint. The other defendants, Ball Corp. ("Ball"), Precise Technology, Inc. ("Precise"), and Malco Products, Inc. ("Malco") were added in Plaintiffs' first amended complaint on January 3, 2001.

-1-

101

## BACKGROUND

In 1995, when Miles was around three years old, he was injured after ingesting Crystal Drano. He and his mother brought a twenty-count complaint against the Defendants alleging, among other things, negligence and strict liability based upon the design and manufacture of the Drano container and cap. Count XV, alleging liability under the Family Expense Act against defendant Precise, was dismissed by the District Court on May 23, 2001, as duplicative of Count XI, which alleged negligence and included damages available under the Family Expense Act.

Plaintiffs now seek leave to add to the complaint a number of allegations related to various existing counts against all defendants as well as four new counts against SCJ only. The new counts allege strict liability, negligence, breach of the implied warranty of merchantability and willful and wanton misconduct based upon the dangerousness of the product itself, as opposed to the container and cap.[2]

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint after a responsive pleading has been served "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend may be denied, however, "'where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment.'" *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992) (quoting *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991); *see Campania Mgmt. Co. v. Rooks, Pitts & Poust*,

---

[2]The proposed amended complaint also deletes claims alleging a breach of the implied warranty of merchantability against defendants Ball, Precise, and Malco.

Nos. 01-1651, 01-1771, 2002 WL 981966, at *4 (7th Cir. May 14, 2002). The district court has the discretion whether to grant or deny a motion to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Defendants argue that (1) the Plaintiffs' delay in seeking the amendments is inexcusable; (2) the amendment would be unduly prejudicial, because discovery would have to be reopened for the new claims and additional defendants (product manufacturers and/or suppliers) would likely have to be brought into the case; and (3) the proposed amendments are futile.

The Plaintiffs' proposed amendments break down into three categories: (1) additional allegations related to the existing counts claiming a defect in the container and cap; (2) new counts against SCJ alleging that the Drano formulation is unreasonably dangerous; and (3) additional allegations against all Defendants claiming ineffective warnings. Each category will be discussed in turn.

### A.   Container/Cap Defect Allegations

In their motion, Plaintiffs seek to add a number of more specific allegations to its existing claims of negligence, strict liability, willful and wanton misconduct, and breach of the implied warranty of merchantability. These proposed amendments are closely related to the claims in the first amended complaint, the parties will not need to serve or produce additional discovery, and the Defendants will not be prejudiced by having to defend against the allegations.

Plaintiffs' Motion for Leave to File Their Second Amended Complaint is therefore GRANTED as to the following proposed amendments:[3] ¶¶ 14, 15, and 16; Count I ¶19(i)-(k) and (m)-(r), and ¶22; Count III ¶33(c)-(i) and (k)-(p), and ¶36; Count V ¶49(c) and (j)-(o), and ¶53;

---

[3]The paragraph numbers refer to the paragraphs listed in Plaintiffs' Proposed Second Amended Complaint.

Count VII ¶72; Count X ¶95(c)-(e) and (j)-(m), and ¶98; Count XI ¶103(c)-(i) and (p), and ¶106; Count XII ¶113(d) and ¶117; Count XIV ¶132(d)-(j) and ¶135; Count XV ¶140(d)-(j) and (p), and ¶143; Count XVI ¶150(d) and ¶154; Count XVII ¶169(d)-(e) and ¶172; Count XIX ¶177(d)-(e) and (k), and ¶180; Count XX ¶187(d) and ¶191.

### B. New Counts Alleging Product Defect

Next, the Plaintiffs seek to add to the complaint new claims of negligence, strict liability, willful and wanton misconduct, and breach of the implied warranty of merchantability against SCJ only. The proposed new counts are based on the allegation that the Drano formulation is unreasonably dangerous. The defendants argue undue delay and prejudice and further claim that these proposed amendments are contrary to Illinois law and therefore are futile.

#### 1. *Undue Delay and Prejudice*

SCJ argues that the Plaintiffs have not given a sufficient explanation for their delay in seeking to add the new counts relating to the Drano formulation, given that the case has been pending for two years and written discovery is closed. The Plaintiffs explain the delay by stating that their new counsel only recently became aware, through discovery, of similar claims previously brought against SCJ.[4]

SCJ also claims it will be prejudiced by the proposed amendments because there has been no written discovery of these allegations, and it will likely be necessary to bring in manufacturers and/or distributors of the product and its ingredients as third-party defendants, further adding to the discovery burden. SCJ has not attempted to quantify the additional discovery that would be required if the proposed counts were added to the complaint.

---

[4]The Plaintiffs state they are not aware of the final outcome of any such claims.

Delay is one factor in deciding whether to grant a motion to amend, but delay alone is not reason enough to deny the motion; the non-movant must also suffer undue prejudice. *See King v. Cooke*, 26 F.3d 720, 723-24 (7th Cir. 1994) (noting further that the movant has the burden of proving that the non-movant will not suffer prejudice); *see also Stone Container Corp. v. Arkwright Mut. Ins. Co.*, No. 93 C 6626, 1996 WL 238904, at *3 (N.D. Ill. May 2, 1996)) ("While [the plaintiff] has arguably not provided a sufficient explanation for its delay, . . . the amendment may still be allowed unless it would burden or cause undue prejudice to [the defendant].").

Denial of a motion to amend, however, "is particularly warranted" if the movant does not explain the reason for the delay and the amendment would cause further delay in the litigation and prejudice to the non-movant. *See Lippert Mktg., Ltd. v. Kingwood Ceramics, Inc.*, No. 95 C 6490, 1997 WL 527282, at *3 (N.D. Ill. Aug. 19, 1997); *see also Perrian*, 958 F.2d at 194 ("'[T]he longer the delay, the greater the presumption against granting leave to amend.'") (citation omitted); *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) (holding that, where the amendment is filed long after the original complaint and is based on facts the plaintiff knew for a year,"the court is entitled to demand reasons for thinking that the denial of the motion would work a serious injustice").

In determining whether the non-movant will suffer undue prejudice, a court may also consider whether the amendment shares a "factual nexus" with the original complaint so that the defendant is on notice of the facts from which the proposed claims arise. *See Lippert Mktg.*, 1997 WL 527282, at *3; *see also Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990) (upholding denial of leave to amend because, in part, "there is nothing in the record that

reasonably would have given [the defendant] any indication that it would have to defend against [the proposed new claim]").

In this case, the Plaintiffs' explanation for their delay in proposing these amendments is far from compelling. More importantly, allowing this motion to amend will be highly prejudicial to the Defendants. This category of amendments constitutes an entirely new theory of the case, for which no discovery has been conducted, and against which the defendants have had no reason to prepare a defense. *See Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993); *McCann v. Frank B. Hall & Co., Inc.*, 109 F.R.D. 363, 367 (N.D. Ill. 1986). Granting this motion will significantly delay this case (which is already almost two and one-half years old) by requiring the parties to engage in voluminous, expensive, and time-consuming discovery; and it will further prejudice SCJ by forcing it to prepare a brand new defense near the end of the discovery. The factors of undue delay and prejudice therefore favor denial of the motion to amend as to this category of proposed changes.

### 2. *Futility*

Finally, SCJ argues that this category of amendments is futile, because the claims are contrary to Illinois law. Illinois follows the Restatement definition of product liability, which imposes liability on "[o]ne who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property" for any resulting physical harm. Restatement (Second) of Torts §402A (1965). Illinois recognizes two different tests for determining whether a product is unreasonably dangerous: the consumer contemplation test and the risk-utility test. SCJ claims that Drano is not unreasonably dangerous under the consumer contemplation test and that the risk-utility test does not apply. The Plaintiffs respond that both tests apply, and under both tests, Drano is unreasonably dangerous.

a. <u>Consumer Contemplation Test</u>

Under the consumer contemplation test, "[a] product is 'unreasonably dangerous' when it is 'dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics.'" *Lamkin v. Towner*, 563 N.E.2d 449, 457 (Ill. 1990) (citation omitted). Stated another way, liability is imposed only if the product "fails to perform in a manner the ordinary consumer would expect." *Todd v. Societe Bic, S.A.*, 21 F.3d 1402, 1406-07 (7th Cir. 1994).

Manufacturers are not absolutely liable for all injuries caused by their products, and the fact of injury alone does not establish a product is unreasonably dangerous. *Id.* at 1407. Furthermore, "products are not considered unreasonably dangerous simply because they have conceivable unsafe uses. The test focuses not in hindsight on the injury which occurred, but on the ordinary consumer's expectations when purchasing and using the product." *Id.* For example, while an ordinary consumer would know that a cigarette lighter could start a house fire, a properly functioning lighter is not unreasonably dangerous. *Id.*

Significantly, the consumer contemplation test is applied from the perspective of the ordinary consumer of the product, not of every foreseeable user. *Id.* at 1408. This means that even though children may be foreseeable users of a product, their expectations are not relevant because they are not "ordinary consumers." *Id.*

b. <u>Risk-Utility Test</u>

Under the risk-utility test, a product is unreasonably dangerous if "the defendant fails to prove that on balance the benefits of the challenged design outweigh the risk of danger inherent in such designs." *Lamkin*, 563 N.E.2d at 457. Therefore, unlike the consumer contemplation test,

-7-

which is based on "the foresight of the ordinary consumer," the risk-utility test looks back, comparing the product's inherent risks with its benefits. *See Todd*, 21 F.3d at 1409.

c. <u>Analysis</u>

Under Illinois law, the risk-utility test does not apply to "simple" products that are obviously dangerous, e.g., a cigarette lighter or a deep-fat fryer.[5] *See Todd*, 21 F.3d at 1411-12 (citing *Scoby v. Vulcan-Hart Corp.*, 569 N.E.2d 1147, 1151 (Ill. App. Ct. 1991)); *see also Hansen v. Baxter Healthcare Corp.*, 764 N.E.2d 35, 45-46 (Ill. 2002) (distinguishing *Scoby*, holding that the risk-utility test applies to a patented IV connector because the product at issue was a safety device, the danger was not obvious, and it was not a simple mechanism); *Wortel v. Somerset Indus., Inc.*, No. 1-00-3983, 2002 WL 1049708, at *8 (Ill. App. Ct. May 24, 2002)[6] (distinguishing *Scoby* because the pizza dough rolling machine at issue was not simple, and the danger that caused the injury was not open and obvious).

The Court finds that Drano is a simple, obviously dangerous product, and therefore only the consumer contemplation test applies to the analysis of the dangerousness of the Drano formulation.

---

[5]In *Todd v. Societe Bic, S.A.*, 9 F.3d 1216, 1222 (7th Cir. 1993), the Seventh Circuit certified questions to the Illinois Supreme Court, seeking to clarify the application of the consumer contemplation test and the risk-utility test. The state court declined the certification, so in *Todd v. Societe Bic, S.A.*, 21 F.3d 1402 (7th Cir. 1994), the Seventh Circuit predicted how the Illinois Supreme Court would rule on the issue.

In the later opinion, the Seventh Circuit decided that the Illinois Supreme Court would adopt the conclusion in *Scoby v. Vulcan-Hart Corp.*, 569 N.E.2d 1147, 1151 (Ill. App. Ct. 1991), that simple products which are obviously dangerous are not subject to the risk-utility analysis. The Seventh Circuit's conclusion appears to be correct, given that in *Hansen v. Baxter Healthcare Corp.*, 764 N.E.2d 35, 45 (Ill. 2002), the Illinois Supreme Court distinguished *Scoby* on the facts and did not criticize *Scoby*'s analysis.

[6]As of the date this opinion was released, *Wortel* had not been published in the permanent law reports and thus was subject to revision or withdrawal.

It is difficult to imagine a more simple product than Drano, which essentially has only one ingredient, one method of use, and one function. Moreover, Drano is obviously dangerous. The purpose of the product is to be sufficiently caustic to burn through accumulated hair and grease; it is obviously dangerous to eat. For the same reason, the Court finds that, under the consumer contemplation test, Drano is not unreasonably dangerous. The dangers of ingesting Drano are obvious to the ordinary consumer, who presumably purchases the product with knowledge of – and in fact because of – its caustic properties.

The Plaintiffs have provided no support for their argument that a product which is intended to be caustic, and which is not defectively manufactured, is unreasonably dangerous if it causes injury when ingested.[7] Failure to substantiate a proposed motion to amend a complaint is "good ground" for denying the motion. *See Glatt*, 87 F.3d at 194 (holding that a greater showing is required for a motion to amend than for an original complaint).

The Plaintiffs' proposed claim of strict liability, as well as the claims alleging negligence, willful and wanton misconduct, and breach of the implied warranty of merchantability with regard to the Drano product are futile. *See Todd*, 21 F.3d at 1412. The Plaintiffs' Motion for Leave to File

---

[7]The Plaintiffs have directed the Court's attention to *Drayton v. Jiffee Chem. Corp.*, 395 F. Supp 1081 (N.D. Ohio 1975), as an example of a case in which a federal court found, among other things, that the design of a drain cleaner was negligent and constituted a breach of the implied warranty of merchantability. Even if *Drayton* were a case from this district, however, it would not support Plaintiffs' position. On appeal, the Sixth Circuit expressed reservations about the district court's decision, noting that the ruling was "tantamount to a ruling that it was in violation of the law for the product to have been marketed at all for home consumer use." *Drayton v. Jiffee Chem. Corp.*, 591 F.2d 352, 358 (6th Cir. 1978). Ultimately, the court expressly declined to review the district court's finding of liability based on breach of implied warranty, strict liability, and negligent design, instead upholding the judgment on the basis of breach of an express warranty. *Id.* at 358 (finding an express warranty of safety in an advertisement showing a hand in water into which the drain cleaner was allegedly poured).

Their Second Amended Complaint is therefore DENIED as to the following proposed amendments: Count II in its entirety; Count IV in its entirety; Count VI in its entirety; and Count VIII in its entirety.

C.  **Ineffective Warnings/Labeling Allegations**

The final set of amendments relates to allegations that the Drano container label had ineffective warnings of Drano's caustic properties. The Defendants argue that the label complies with federal requirements, and therefore a cause of action for ineffective warnings is preempted by the Federal Hazardous Substances Act ("FHSA"), 15 U.S.C. § 1261 *et seq*.

Sodium hydroxide, the primary ingredient in Drano, is subject to the requirements of the FHSA, which regulates warnings and labeling of hazardous substances. *See* 15 U.S.C. § 1261(p); 16 C.F.R. § 1500.3(b)(14); *id.* § 1500.129(j). The Act explicitly preempts states from imposing requirements "designed to protect against the same risk of illness or injury" as that intended to be prevented by the Act. 15 U.S.C.A. § 1261, Note (b)(1)(A) (1966); *see Busch v. Graphic Color Corp.*, 662 N.E.2d 397, 408-09 (Ill. 1996).

The Act would not preclude a claim for failure to warn if the label at issue does not meet federal guidelines. *See Kirstein v. W.M. Barr & Co.*, 983 F. Supp 753, 761 (N.D. Ill. 1997). However, the Plaintiffs do not allege that Drano's warnings or label do not meet federal regulations, and this Court's examination of the requirements and the label revealed no deficiencies. Accordingly, any allegations that conflict with the FHSA are preempted and therefore are futile.

Plaintiffs' Motion for Leave to File Their Second Amended Complaint is therefore DENIED as to the following proposed amendments: Count I ¶19(l); Count III ¶33(u); Count V ¶49(h); Count VII ¶68(c).[8]

## CONCLUSION

Plaintiffs' Motion for Leave to File Their Second Amended Complaint is GRANTED as to the following proposed amendments:[9] ¶¶ 14, 15, and 16; Count I ¶19(i)-(k) and (m)-(r), and ¶22; Count III ¶33(c)-(i) and (k)-(p), and ¶36; Count V ¶49(c) and (j)-(o), and ¶53; Count VII ¶72; Count X ¶95(c)-(e) and (j)-(m), and ¶98; Count XI ¶103(c)-(i) and (p), and ¶106; Count XII ¶113(d) and ¶117; Count XIV ¶132(d)-(j) and ¶135; Count XV ¶140(d)-(j) and (p), and ¶143; Count XVI ¶150(d) and ¶154; Count XVII ¶169(d)-(e) and ¶172; Count XIX ¶177(d)-(e) and (k), and ¶180; Count XX ¶187(d) and ¶191.

Plaintiffs' Motion for Leave to File Their Second Amended Complaint is DENIED as to the following proposed amendments: Count I ¶19(l); Count II in its entirety; Count III ¶33(u); Count IV in its entirety; Count V ¶49(h); Count VI in its entirety; Count VII ¶68(c); Count VIII in its entirety.

Plaintiffs' Motion for Leave to Serve Additional Discovery is DENIED as moot.

Finally, the Court notes that the Plaintiffs have voluntarily agreed to delete from the second amended complaint Counts IX, XIII, XVII, and XXI. Count XVII, a claim against defendant Precise

---

[8]The Defendants' supplemental materials, filed at the request of the Court, listed a number of other allegations they argue are preempted by the FHSA. Those allegations, however, were in the original complaint and are not part of the motion to amend.

[9]The paragraph numbers refer to the paragraphs listed in Plaintiffs' Proposed Second Amended Complaint.

-11-

under the Family Expense Act, had previously been dismissed by the District Court on Precise's motion.[10] The first amended complaint also contained three other nearly identical counts under the Family Expense Act against the other three defendants: Count IX against SCJ, Count XIII against Ball, and Count XXI against Malco. Those three defendants did not seek dismissal of those counts, and as they are existing claims, they are not subject to the pending motion. Nevertheless, in open court, the Plaintiffs' attorney acknowledged that, like Count XVII, those counts were duplicative of the negligence claims and would be subject to a motion to dismiss for the same reasons that the District Court dismissed Count XVII. Accordingly, the Plaintiffs agreed to voluntarily delete those counts in their second amended complaint, as long as it was clear that their claims for relief arose under the Family Expense Act.

**E N T E R :**

*[signature]*

**Nan R. Nolan**
**United States Magistrate Judge**

Dated: *June 11, 2002*

---

[10]Count XVII was labeled Count XV in the first amended complaint.